PRIGGETT v CITY OF DETROIT

Docket No. 78-4748. Submitted October 15, 1979, at Detroit.—Decided
     December 18, 1979.

Delrita Priggett, a minor, suffered the loss of her right eye during
     the course of her employment with the Detroit transportation
     department. She applied for worker's compensation. The Work-
     er's Compensation Appeal Board affirmed the decision of a
     hearing referee granting compensation to Delrita at the rate of
     $64 per week for 162 weeks for a specific loss injury but
     rejected the argument that as an illegally employed minor she
     was entitled to double benefits. Delrita's application for leave to
     appeal was granted by the Court of Appeals. She appeals and
     claims that a statute provides that any minor, in the absence of
     fraudulent use of permits or certificates of age, who is illegally
     employed at the time of an injury shall receive double compen-
     sation. The question presented is whether plaintiff, who was
     never issued a valid work permit, was illegally employed and
     thus entitled to double compensation. *Held:*

     The Hittle Juvenile Employment Act requires that work
     permits be issued to minors before they may be employed. To
     be valid, the permits need to be signed by a representative of
     the issuing authority. Plaintiff's employer did have a form
     designated "work permit" in plaintiff's name in its files but
     that permit was not signed by an authorized issuing officer.
     Therefore it was invalid and plaintiff's employment was illegal.
     Plaintiff's employer was apparently aware that the permit was
     defective since its personnel clerk failed to return the work
     permit to the issuing authority upon termination of plaintiff's
     employment as required by statute. The grant of compensation
     at $64 per week for 162 weeks is affirmed. Plaintiff, having
     shown she was illegally employed at the time of injury, is
     entitled to double that compensation.

     Affirmed in part and reversed in part.

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 164, 165.
[2] 42 Am Jur 2d, Infants § 8.
[2, 3] 48A Am Jur 2d, Labor and Labor Relations § 2452.

1. WORKMEN'S COMPENSATION — INFANTS — ILLEGAL EMPLOYMENT — INJURY — DOUBLE COMPENSATION — STATUTES.

Any minor, in the absence of fraudulent use of permits or certificates of age, who is illegally employed at the time of an injury shall receive compensation double that provided in the Worker's Disability Compensation Act (MCL 418.161[1][b]; MSA 17.237[161][1][b]).

2. INFANTS — MASTER AND SERVANT — WORK PERMITS — INVALID PERMITS — ILLEGAL EMPLOYMENT — HITTLE JUVENILE EMPLOYMENT ACT — STATUTES.

Work permits issued to minors under the Hittle Juvenile Employment Act were not valid unless signed by an authorized representative of the permit-issuing authority and where a work permit was not signed by the issuing officer the permit was invalid and the employment of the minor was illegal (MCL 409.24; MSA 17.724).

3. INFANTS — MASTER AND SERVANT — WORK PERMITS — TERMINATION OF EMPLOYMENT — RETURN OF WORK PERMIT — STATUTES.

An employer was required under the Hittle Juvenile Employment Act to return a work permit issued to a minor employee to the issuing officer immediately after the termination of the minor's employment (MCL 409.11; MSA 17.711).

*Goodman, Eden, Millender & Bedrosian* (by *Morton A. Eden* and *Joan Lovell*), for plaintiff.

*George Matish,* Acting Corporation Counsel, and *Thomas L. Walters,* Assistant Corporation Counsel, for defendant.

Before: M. F. CAVANAGH, P.J., and M. J. KELLY and D. S. DEWITT,* JJ.

PER CURIAM. Plaintiff, Delrita Priggett, appeals from an October 18, 1978, opinion and order of the Worker's Compensation Appeal Board. The WCAB affirmed the decision of a hearing referee granting compensation to plaintiff at the rate of $64 per week for 162 weeks for a specific loss injury, blindness in one eye, but rejected plaintiff's argu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment that as an illegally employed minor she was entitled to double benefits under MCL 418.161(1)(b); MSA 17.237(161)(1)(b), which provides in pertinent part:

"Any minor under 18 years of age whose employment at the time of injury shall be shown to be illegal, in the absence of fraudulent use of permits or certificates of age in which case only single compensation shall be paid, shall receive compensation double that provided in this act."

Contrary to the board's opinion, we find that plaintiff was illegally employed due to noncompliance with the Hittle Juvenile Employment Act, MCL 409.24; MSA 17.724,[1] in effect at the date of employment and injury, which required that work permits be issued to minors. Harry Speelman, a representative of the work permit issuing authority, testified at trial that there was no record of a permit having ever been issued to plaintiff. He testified that such a permit would not be valid unless signed by an authorized representative of his office. Plaintiff's employer did have a form designated "work permit" in plaintiff's name, but without the signature of an authorized issuing officer the permit was invalid, thereby rendering plaintiff's employment illegal. Apparently, plaintiff's employer was aware that the permit was defective since its personnel clerk failed to return the work permit to the issuing authority upon

---

[1] MCL 409.24; MSA 17.724, in effect at the date of injury, provided:

"Any minor engaged in an occupation specified in a work permit issued for the employment of such minor therein in accordance with provisions of this act shall be considered to be legally employed: Provided, That the employer has on file such work permit and the same has not expired or been revoked."

MCL 409.1-409.30; MSA 17.701-17.730 were repealed by 1978 PA 90, effective June 1, 1978. Criteria for the issuance of work permits are now found at MCL 409.104-409.106; MSA 17.731(4)-17.731(6).

termination of plaintiff's employment as required by MCL 409.104; MSA 17.731(4) (formerly MCL 409.11; MSA 17.711) which provides in pertinent part:

"(2) Immediately after the termination of the minor's employment, the employer shall return the permit to the issuing officer."

Plaintiff, having shown she was illegally employed at the time of injury, is entitled to double compensation. The holding of the WCAB is hereby reversed in part and defendant is ordered to pay double compensation under the Worker's Disability Compensation Act.

Affirmed in part and reversed in part.