DEMOGOLA v SHELLHOUSE SAWMILL

Docket No. 194333. Submitted August 6, 1997, at Grand Rapids. Decided
  November 21, 1997, at 9:10 A.M. Leave to appeal sought.

  David Demogola sought worker's compensation benefits for a wrist
    injury he sustained at age seventeen while in the course of employ-
    ment by Shellhouse Sawmill. A Bureau of Worker's Disability Com-
    pensation magistrate determined that Demogola had been totally
    disabled by the injury, but declined to award double benefits under
    § 161(1)(b) of the Worker's Disability Compensation Act, MCL
    418.161(1)(b); MSA 17.237(161)(1)(b), now § 161(1)(l), MCL
    418.161(1)(l); MSA 17.237(161)(1)(l), which provides for double
    benefits for a work-related injury sustained by a minor in illegal
    employment. The magistrate concluded that Demogola's employ-
    ment could not be considered illegal because it had not been haz-
    ardous. The Worker's Compensation Appellate Commission
    affirmed the magistrate's decision. Demogola appealed in the Court
    of Appeals by leave granted, and Shellhouse Sawmill cross
    appealed.

    The Court of Appeals held:

    1. The factual finding by the appellate commission that
  Demogola had sustained total disability is supported by competent
  evidence and, in the absence of fraud, is conclusive with regard to
  the question of disability.

    2. The Worker's Disability Compensation Act does not define
  "illegal employment of a minor," and it is appropriate to refer to
  the Youth Employment Standards Act, MCL 409.101 et seq.; MSA
  17.731(1) et seq., in determining the legality of a minor's employ-
  ment. The Youth Employment Standards Act requires that an
  employer procure and keep on file a work permit for a minor and
  that a minor shall not be employed for more than six days a week,
  for more than a weekly average of eight hours a day or forty-eight
  hours a week, or for more than ten hours a day. In this case,
  Demogola's employment at the time of his injury had been illegal
  because he did not have a work permit and he worked for more
  than six consecutive days and for more than forty-eight hours in
  some weeks. The matter must be remanded to the appellate com-
  mission for an award of double compensation.

Affirmed in part, reversed in part, and remanded.

WORKER'S COMPENSATION — ILLEGAL EMPLOYMENT OF MINORS — DOUBLE COM-
PENSATION — YOUTH EMPLOYMENT STANDARDS ACT.

A minor who sustains a work-related injury while employed illegally
is entitled to double the worker's compensation provided under the
Worker's Disability Compensation Act; an injured minor's employ-
ment is illegal if it violates the Youth Employment Standards Act
(MCL 409.104, 409.111, 418.161[1][b], now 418.161[1][l]; MSA
17.731[4], 17.731[11], 17.237[161][1][b], now 17.237[161][1][l]).

*Libner, Van Leuven, Kortering, Evans & Portenga,
P.C.* (by *John A. Braden*), for the plaintiff.

*Cotticchio, Zotter, Sullivan, Molter, Skupin & Tur-
ner, P.C.* (by *Donald N. Payne, II*), for the defendant.

Before: CAVANAGH, P.J., and HOLBROOK, Jr. and JAN-
SEN, JJ.

JANSEN, J. Plaintiff appeals by leave granted from an
order of the Worker's Compensation Appellate Com-
mission (WCAC) denying payment of double benefits
under § 161(1)(b) of the Worker's Disability Compen-
sation Act (WDCA), MCL 418.161(1)(b); MSA
17.237(161)(1)(b), now § 161(1)(l), MCL
418.161(1)(l); MSA 17.237(161)(1)(l). Defendant
cross appeals from the WCAC's decision finding plain-
tiff to be totally disabled. We affirm the finding of
total disability, reverse the denial of double benefits,
and remand for the award of double benefits because
plaintiff's employment was illegal under the Youth
Employment Standards Act (YESA), MCL 409.101 *et
seq.*; MSA 17.731(1) *et seq.*.

Plaintiff was a seventeen-year-old minor at the time
that he worked for defendant. Defendant operates a
sawmill and harvests and ships Christmas trees.
Defendant did not obtain a work permit for plaintiff.
Plaintiff assisted in the harvesting of Christmas trees.

Although he did not cut down the trees, plaintiff would drag the trees to the road, where a chain would be attached to load the tree into a bundler. The bundled trees would then be loaded into a tractor-trailer, either to be stacked for storage or to be loaded into a dry van for transportation.

On November 25, 1991, plaintiff was helping to load bundled trees into a dry van. David Shellhouse, one of defendant's co-owners, threw down a six-foot tree to plaintiff, who was not ready to catch it. The tree struck plaintiff on the side of his left wrist. Plaintiff went to the emergency room for treatment and was ultimately diagnosed with a tear of his ligaments. He had to undergo wrist surgery because conservative treatment did not heal the wrist. Plaintiff attempted to perform one-handed work for a time, but he was laid off at the end of the Christmas season. Plaintiff is unable to use his left hand with much force or rotation.

Plaintiff applied for benefits under the WDCA. The magistrate found that plaintiff was disabled by his wrist injury, because he could no longer perform the unskilled, heavy manual labor he performed before the injury. The magistrate, however, declined to award plaintiff double compensation benefits. The magistrate found that plaintiff's employment was legal because his work was not hazardous under the YESA. Both parties appealed to the WCAC. The WCAC affirmed the magistrate's decision. It found that plaintiff was disabled, but that he was not entitled to double benefits because he was legally employed.

We first address defendant's argument that the WCAC erred in finding that plaintiff was totally disabled. The WCAC noted plaintiff's restrictions:

After his injury plaintiff did one-handed work for the last week of the season. He testified he had difficulty because it was not truly one-handed work. He has attempted some tasks since working for defendant such as working on a carburetor and handing plastic pipes to his father, a plumber. However, he had difficulty with and after both attempts. He specifically testified at trial that he is unable to perform portions of the tasks of any of his previous jobs and continues to have ongoing pain in his left wrist. As of trial, plaintiff's left ulna had been cut and shortened about one-eighth inch and a plate screwed on over the surgical break. This testimony under *Michales v Morton Salt Co*, 450 Mich 479 [538 NW2d 11] (1995), is certainly sufficient to support the magistrate's finding of total disability.

Factual determinations of the WCAC, if acting within the scope of its powers, shall be conclusive, absent any fraud. *Goff v Bil-Mar Foods (After Remand)*, 454 Mich 507, 512; 563 NW2d 214 (1997); MCL 418.861a(14); MSA 17.237(861a)(14). There is competent evidence to support this finding of total disability by the WCAC. *Holden v Ford Motor Co*, 439 Mich 257, 263; 484 NW2d 227 (1992). There being no showing of fraud, the factual findings of the WCAC are conclusive, and we affirm the WCAC's finding that plaintiff suffered from a total disability.

We next address plaintiff's claim that he is entitled to double benefits as an illegally employed minor. MCL 418.161(1)(b); MSA 17.237(161)(1)(b) provides in relevant part:

Any minor under 18 years of age whose employment at the time of injury shall be shown to be illegal, in the absence of fraudulent use of permits or certificates of age in which case only single compensation shall be paid, shall receive compensation double that provided in this act.

The WDCA does not define illegal employment. In *Field v Jack & Jill Ranch*, 343 Mich 273, 280; 72 NW2d 26 (1955), our Supreme Court found that it was appropriate to refer to the juvenile employment act to determine the legality of a minor's employment. That act prohibited the employment of a minor without a work permit and barred employment of minors in unduly hazardous occupations. This Court reached a similar conclusion in *Priggett v Detroit*, 94 Mich App 402; 288 NW2d 441 (1979), also decided under the juvenile employment act. This Court found that the plaintiff was illegally employed because of the defendant's failure to secure proper work permits. This failure entitled the plaintiff to double compensation under the WDCA.

The juvenile employment act has since been repealed and replaced by the YESA. The YESA contains similar provisions barring a minor from employment in the absence of a work permit, limiting weekly hours, and barring minors from hazardous employment. The WCAC found, as a factual matter, that plaintiff did not have a work permit, worked more than six consecutive days, and worked more than forty-eight hours in some weeks. However, the WCAC found that plaintiff's employment was legal because it found, as a matter of fact, that plaintiff's employment was not hazardous.

The WCAC erred as a matter of law in requiring that the employment be found hazardous before a minor's employment is considered illegal under the WDCA. MCL 409.104; MSA 17.731(4) provides that an employer must procure and keep on file a work permit for a minor. Further, MCL 409.111; MSA 17.731(11) provides that a minor shall not be

employed in an occupation for more than six days in one week, nor for a period more than a weekly average of eight hours a day or forty-eight hours in one week, nor more than ten hours in one day. The WCAC found, as a matter of fact, that plaintiff's employment was in violation of these two statutory provisions because it found that plaintiff did not have a work permit, worked for more than six consecutive days, and worked for more than forty-eight hours in some weeks. The fact that plaintiff's work was not hazardous under MCL 409.103; MSA 17.731(3) is not dispositive because it is clear that plaintiff's employment was illegal under other statutory provisions of the YESA.

We reverse the WCAC's decision that plaintiff's employment was legal merely because it was not hazardous; the decision was based on erroneous legal reasoning. *Bates v Mercier*, 224 Mich App 122, 124; 568 NW2d 362 (1997). Because plaintiff's employment was violative of the YESA where he did not have a work permit, worked for more than six consecutive days, and worked more than forty-eight hours in some weeks, plaintiff's employment was illegal and he is entitled to double compensation under § 161(1)(b) of the WDCA. See, e.g., *Field, supra,* p 282 (the plaintiff's work was illegal under the WDCA because his occupation was not sanctioned by his work permit and the plaintiff was entitled to double compensation); *Crilly v Ballou*, 353 Mich 303, 327-328; 91 NW2d 493 (1958), (the plaintiff's work was illegal because he did not have a work permit required for the employment of minors, and he was entitled to double compensation); *Priggett, supra,* pp 404-405 (the employer failed to have a valid work permit for the

plaintiff, thereby rendering the plaintiff's employment to be illegal and the plaintiff was entitled to double compensation).

We affirm the WCAC's finding that plaintiff was totally disabled. We reverse the WCAC's finding that plaintiff's employment as a minor was legal and we remand for the WCAC to award double compensation under § 161(1)(b) of the WDCA. We do not retain jurisdiction. Plaintiff, having prevailed in full, may tax costs under MCR 7.219.