HENRY FORD HEALTH SYSTEM v
TITAN INSURANCE COMPANY

Docket No. 272018. Submitted May 1, 2007, at Lansing. Decided May 24,
2007, at 9:05 a.m.

Henry Ford Health System brought an action in the Wayne Circuit
Court against Titan Insurance Company, seeking payment for
medical services rendered to Sandra Leach after she was injured in
an automobile accident. The Michigan Assigned Claims Facility
had originally assigned the claim to St. Paul Travelers Insurance
Company, which was unable to obtain any information from Leach
regarding the availability of no-fault insurance. After St. Paul
Travelers opted out of the assigned claims facility, however, the
claim had been reassigned to Titan. Titan moved for summary
disposition, arguing that the one-year-back rule of MCL
500.3145(1) barred Henry Ford's claim. The court, Robert L.
Ziolkowski, J., denied Titan's motion, concluding that, while
Henry Ford had filed its action more than one year after Leach
incurred the charges, *Devillers v Auto Club Ins Ass'n*, 473 Mich
562 (2005), nonetheless allowed equitable or judicial tolling under
the unique circumstances of this case. Titan appealed by leave
granted.

The Court of Appeals *held*:

The trial court erred by denying Titan's summary disposition
motion. MCL 500.3145(1) precludes an action to recover personal
protection insurance benefits for any portion of a loss incurred
more than one year before the date on which the plaintiff com-
mences the action. The Supreme Court held in *Devillers* that this
provision must be enforced strictly as written and made its holding
retroactive. Despite the fact that the release date of *Devillers*
effectively allowed Henry Ford only one day to sue Titan and the
unfairness resulting from a strict application of the case, *Devillers*
nonetheless bars Henry Ford's action because Henry Ford filed it
more than one year after it rendered the services to Leach.

Reversed and remanded for entry of summary disposition for
Titan.

*Foster, Swift, Collins & Smith, P.C.* (by *Paul J. Millenbach*), for the plaintiff.

*Law Offices of Ronald M. Sangster, PLLC* (by *Daniel T. Rizzo*), for the defendant.

Before: COOPER, P.J., and MURPHY and NEFF, JJ.

COOPER, P.J. Defendant appeals by leave granted the circuit court's order denying defendant's motion for summary disposition on plaintiff's claim under the no-fault act, MCL 500.3145. We reverse and remand. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

On July 30, 2004, Sandra Leach was driving a borrowed car, hit a telephone pole, and suffered a serious head injury. Leach was treated for her injury at Henry Ford Health System (HFHS) from July 30, 2004, to August 24, 2004. Leach required surgery and incurred $136,585.77 in medical expenses. Leach filed an "Application for Bodily Injury Benefits" with the Michigan Assigned Claims Facility (MACF) because no available insurance policy was identified to pay for Leach's medical expenses. The MACF assigned the matter to St. Paul Travelers Insurance Company (Travelers). Travelers began an investigation to determine whether any insurance policy covered the damages. Although Travelers sent Leach several letters, Leach provided no information about any available insurance coverage. Travelers never identified a policy that provided benefits for Leach's injuries.

After HFHS submitted its bill to Travelers for services rendered to Leach, Travelers referred the bill to Linkage Enterprises, Inc., a company that audited medical bills for accuracy and reasonableness. Linkage reviewed HFHS's bill and told HFHS that the bill had

been approved. According to Thomas Provencal, a legal account representative for HFHS, he thought that Travelers would pay the bill given Linkage's approval of it.

On May 10, 2005, a representative of HFHS called Travelers to determine when Travelers would pay the amount approved by Linkage. Six days later, on May 16, 2005, Travelers sent a letter to Leach formally denying her claim based on her "lack of cooperation" in investigating the claim. Travelers sent a copy of this letter to HFHS in Detroit, although Travelers had previously been communicating with HFHS's accounting office in Troy. Nevertheless, according to Provencal, HFHS received the copy of Travelers' denial of Leach's claim.

Meanwhile, on July 29, 2005, the Michigan Supreme Court issued *Devillers v Auto Club Ins Ass'n,* 473 Mich 562; 702 NW2d 539 (2005), in which it strictly construed the one-year-back rule in MCL 500.3145. *Devillers* was issued 364 days after Leach first received treatment for her injuries sustained in the July 30, 2004, automobile accident. The ruling in *Devillers* effectively left HFHS, in the absence of any tolling, only one day to file an action for benefits under MCL 500.3145.

HFHS eventually referred Leach's bill for collection. However, by this time, Travelers had opted out of the MACF and the claim was reassigned to defendant, Titan Insurance Company. HFHS sued Titan on November 10, 2005. Titan moved for summary disposition, arguing that HFHS's claim was barred under the one-year-back rule of MCL 500.3145 because HFHS had failed to file its claim within one year after Leach incurred charges for medical services. HFHS argued that the one-year-back rule should be tolled because

Linkage had advised HFHS that Leach's bill had been approved and HFHS had relied on that statement.

After initially dismissing Titan's motion without prejudice to permit additional discovery, the circuit court reheard the motion and denied it. The circuit court reasoned: "And I'm going to employ equitable estoppel or judicial tolling, whatever I can do in this matter. I think DeVillers [sic] provides for it under certain circumstances where there is some misrepresentation and I think it does in this case in this manner."

This Court granted Titan's application for leave to appeal to review whether HFHS's claim was barred under *Devillers* and the one-year-back rule in MCL 500.3145. This Court reviews de novo the grant or a denial of a motion for summary disposition. *Spiek v Dep't of Transportation,* 456 Mich 331, 337; 572 NW2d 201 (1998).

MCL 500.3145(1) contains a provision known as the "one-year-back rule" that precludes an action to recover benefits for any portion of a loss incurred more than one year before the date on which the action was commenced. MCL 500.3145(1) states in pertinent part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. *However, the claimant may not recover benefits for*

*any portion of the loss incurred more than 1 year before the date on which the action was commenced.* [Emphasis added.]

In *Devillers, supra* at 586, the Court held that this provision must be enforced "as our Legislature has written it . . . ." In so doing, *Devillers* overruled *Lewis v DAIIE,* 426 Mich 93; 393 NW2d 167 (1986), which held that the one-year-back limitation period was tolled from the time an insured made a claim for benefits until the insurer formally denied the claim. *Devillers, supra* at 566, 577. Under *Devillers,* HFHS's action for payment of services that it provided to Leach is barred because HFHS filed its action on November 10, 2005, which was more than one year after HFHS rendered those services between July 30, 2004, and August 24, 2004.

HFHS argues that the one-year-back rule should be tolled under the doctrines of equitable estoppel or judicial tolling because of the unusual and misleading circumstances of this case.

We agree in principle, because plaintiff is quite correct that the circumstances of this case are unique and the result uniquely unfair. This case indeed presents an ideal example of the absurd results produced by the regrettably strict line drawn by *Devillers.*[1] Nonetheless, we recognize, because we must, that the *Devillers* Court did draw that line.

---

[1] In *Devillers,* the Court acknowledged that "courts undoubtedly possess equitable power," but also noted that equity may not "trump an unambiguous and constitutionally valid statutory enactment" in the absence of "fraud, mutual mistake, or any other 'unusual circumstance.' " *Id.* at 590-591 (citation omitted). *Devillers* further noted that courts should be reluctant to apply equitable estoppel ' "absent intentional or negligent conduct designed to induce a plaintiff from bringing a timely action." ' *Id.* at 590 n 64, quoting *Cincinnati Ins Co v Citizens Ins Co,* 454 Mich 263, 270; 562 NW2d 648 (1997).

We further note that the *Devillers* Court specifically stated that its holding was retroactive. *Devillers, supra* at 566. We are therefore bound to find, despite the fact that the release date of *Devillers,* July 29, 2005, effectively allowed HFHS only one day to sue Titan, that *Devillers* mandates dismissal of plaintiff's otherwise legitimate action.

Reversed and remanded for entry of an order granting summary disposition to defendant. We do not retain jurisdiction.

NEFF, J., concurred.

MURPHY, J. I concur in the result only.