BRONSON METHODIST HOSPITAL v
ALLSTATE INSURANCE COMPANY

Docket No. 286087. Submitted November 10, 2009, at Lansing. Decided
November 24, 2009, at 9:00 a.m.

Bronson Methodist Hospital brought an action on February 6, 2008, in
the Kalamazoo Circuit Court, J. Richardson Johnson, J., against
Allstate Insurance Company, seeking to recover personal protection
insurance benefits for medical care provided to Lemuel Brown for
injuries sustained in an automobile accident, statutory interest, costs,
and attorney fees. The accident occurred on December 29, 2006, and
Brown, who was uninsured and driving a borrowed, uninsured
vehicle, received treatment from plaintiff from December 30, 2006,
through January 5, 2007. Plaintiff submitted an application to the
Michigan Assigned Claims Facility (MACF) on December 14, 2007,
and the claim was assigned to defendant on January 7, 2008. Plaintiff
received notice of the assignment on January 15, 2008, and billed
defendant directly, but defendant refused to pay. The court granted
summary disposition in favor of defendant, determining that the
one-year-back recovery limitation found in MCL 500.3145(1) pre-
vented plaintiff from recovering for medical services performed more
than one year before the action was filed. Plaintiff appealed.

The Court of Appeals *held*:

1. Plaintiff timely commenced this action. The statute of
limitations in MCL 500.3145(1) does not preclude the action.
Generally, under MCL 500.3145(1) plaintiff's action against defen-
dant would be time-barred because Brown's treatment ended on
January 5, 2007, thus barring commencement of an action after
January 5, 2008. However, MCL 500.3174 provides that an action
by a claimant under the assigned claims plan shall not be com-
menced more than 30 days after receipt of notice of the assignment
or the last date on which the action could have been commenced
against an insurer of identifiable coverage applicable to the claim,
whichever is later. Here, February 15, 2008, was the thirtieth day
after the receipt of notice of the assignment, which date was later
than January 5, 2008, the last date on which the action could have
been commenced against an insurer of identifiable coverage appli-
cable to the claim. Therefore, plaintiff timely commenced the
action on February 6, 2008.

2. MCL 500.3174 does not extend the one-year recovery limitation found in MCL 500.3145(1) because the language used by the Legislature in MCL 500.3174 unambiguously describes only an extension of the statute of limitations period. Application of the recovery limitation in MCL 500.3145(1) precludes plaintiff's claim. The one-year-back rule draws a strict line that must be followed even with unfair results. Plaintiff, which commenced this action on February 6, 2008, is precluded from recovering any benefits for treatment that occurred before February 6, 2007. Plaintiff last treated Brown on January 6, 2007.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — LIMITATION ON RECOVERY.

The language employed by the Legislature in MCL 500.3174 to extend the period of limitations contained in MCL 500.3145(1) for the commencement of an action to recover personal protection insurance benefits by a person claiming through the assigned claims facility does not apply to the one-year-back recovery limitation period contained in MCL 500.3145(1), and the recovery of benefits remains subject to the one-year-back limitation.

*Miller Johnson* (by *Robert J. Christians* and *Richard E. Hillary, II*) for plaintiff.

*Potter, DeAgostino, O'Dea & Patterson* (by *P. Kelly O'Dea*) for defendant.

Before: BORRELLO, P.J., and WHITBECK and K. F. KELLY, JJ.

PER CURIAM. In this case brought under the Michigan no-fault insurance act,[1] plaintiff Bronson Methodist Hospital appeals as of right the May 30, 2008 trial court order granting defendant Allstate Insurance Company's motion for summary disposition under MCR 2.116(C)(7). We affirm.

---

[1] MCL 500.3101 *et seq.*

I. BASIC FACTS AND PROCEDURAL HISTORY

On December 29, 2006, Lemuel Brown was injured in an automobile accident while driving a borrowed vehicle. Brown was transported from the scene of the accident to Bronson Methodist Hospital. Brown received medical treatment from December 30, 2006, through January 5, 2007. Brown's medical expenses totaled $37,465.01.

It was later determined that the borrowed vehicle was uninsured, and neither Brown nor any of his relatives with whom he resided carried automobile insurance. Therefore, on December 14, 2007, Bronson Methodist Hospital submitted an application to the Michigan Assigned Claims Facility (MACF) seeking to recover the medical expenses. The MACF assigned the claim to Allstate on January 7, 2008. Bronson Methodist Hospital received notice of the assignment on January 15, 2008. Bronson Methodist Hospital billed Allstate directly, but Allstate refused to pay the claim.

On February 6, 2008, Bronson Methodist Hospital commenced the current action seeking recovery for Brown's medical expenses under the no-fault insurance act and seeking statutory interest, costs, and attorney fees. Allstate moved for summary disposition on the ground that application of the recovery limitation provision (the one-year-back rule) in MCL 500.3145(1) barred Bronson Methodist Hospital's claim. Bronson Methodist Hospital responded that MCL 500.3174, the assigned claims plan notice and commencement section of the no-fault insurance act, extended the recovery limitation provision of MCL 500.3145(1) with respect to assigned claims.

The trial court determined that MCL 500.3174 applied only to the statute of limitations period of MCL 500.3145(1) and not to the recovery limitations period of

MCL 500.3145(1). In addition, the trial court held that the one-year-back rule should be strictly construed, because it limits recovery to damages that were incurred within one year of filing suit. The trial court then applied the one-year-back rule and determined that all Bronson Methodist Hospital's medical services were performed more than one year before the instant action was filed. Accordingly, the trial court granted Allstate summary disposition pursuant to MCR 2.116(C)(7).

### II. SUMMARY DISPOSITION

#### A. STANDARD OF REVIEW

Bronson Methodist Hospital argues that the trial court erred by granting Allstate summary disposition under MCR 2.116(C)(7) because denying Bronson Methodist Hospital the ability to recover no-fault medical benefits after it fully complied with the time requirements of MCL 500.3174 would render the statute nugatory and meaningless.

We review de novo a trial court's decision on a motion for summary disposition.[2] Under MCR 2.116(C)(7), a party may move for summary disposition on the ground that a claim is barred by the statute of limitations. When considering a motion brought under MCR 2.116(C)(7), it is proper for this Court to review all the material submitted in support of, and in opposition to, the plaintiff's claim.[3] In determining whether a party is entitled to judgment as a matter of law pursuant to MCR 2.116(C)(7), a court must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence and construe them in the

---

[2] *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003).

[3] *Patterson v Kleiman*, 447 Mich 429, 433; 526 NW2d 879 (1994).

plaintiff's favor.[4] In addition, the issues raised in this appeal involve questions of statutory interpretation. We review such issues de novo.[5]

### B. PRINCIPLES OF STATUTORY INTERPRETATION

The issue here is primarily a question of statutory interpretation. The primary goal in statutory interpretation is to ascertain and give effect to the Legislature's intent.[6] " 'This Court should first look to the specific statutory language to determine the intent of the Legislature,' " which is " 'presumed to intend the meaning that the statute plainly expresses.' "[7] When the language of a statute is unambiguous, the Legislature's intent is clear and judicial construction is neither necessary nor permitted.[8] Because the role of the judiciary is to interpret rather than write the law, courts lack authority to venture beyond a statute's unambiguous text.[9] Undefined statutory terms are generally given their plain and ordinary meanings.[10] Where words "have acquired a peculiar and appropriate meaning in the law," they should be construed according to that meaning.[11]

---

[4] *Brennan v Edward D Jones & Co*, 245 Mich App 156, 157; 626 NW2d 917 (2001).

[5] *Gillie v Genesee Co Treasurer*, 277 Mich App 333, 344; 745 NW2d 137 (2007).

[6] *Farmers Ins Exch v AAA of Michigan*, 256 Mich App 691, 695; 671 NW2d 89 (2003).

[7] *Universal Underwriters Ins Group v Auto Club Ins Ass'n*, 256 Mich App 541, 544; 666 NW2d 294 (2003), quoting *Institute in Basic Life Principles, Inc v Watersmeet Twp (After Remand)*, 217 Mich App 7, 12; 551 NW2d 199 (1996).

[8] *Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002).

[9] *Id.*

[10] *Halloran v Bhan*, 470 Mich 572, 578; 683 NW2d 129 (2004).

[11] *Feyz v Mercy Mem Hosp*, 475 Mich 663, 673; 719 NW2d 1 (2006).

C. APPLICABLE STATUTES

Personal protection insurance benefits under the no-fault insurance act are governed under MCL 500.3145(1), which provides, in pertinent part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

This Court has determined that this section contains a statute of limitations provision because it allows commencement of an action at any time within one year of the most recent "allowable expense," but also contains a recovery limitation provision because it limits recovery of personal protection insurance benefits to losses incurred within one year before the action commences.[12] The recovery limitation is termed the "one-year-back" rule and is to be strictly enforced as written.[13] Therefore, under its plain terms, MCL 500.3145(1) precludes an action to recover benefits for any portion of a loss incurred more than one year before the date on which the action was commenced.

---

[12] *Bohlinger v Detroit Automobile Inter-Ins Exch*, 120 Mich App 269, 273; 327 NW2d 466 (1982).

[13] *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 574, 586; 702 NW2d 539 (2005).

When an individual is uninsured, the MACF is an insurer of last priority.[14] "A person entitled to no-fault benefits may obtain them through an assigned claims plan 'if no personal protection insurance is applicable to the injury[.]' "[15] MCL 500.3174 provides:

> A person claiming through an assigned claims plan shall notify the facility of his claim within the time that would have been allowed for filing an action for personal protection insurance benefits if identifiable coverage applicable to the claim had been in effect. The facility shall promptly assign the claim in accordance with the plan and notify the claimant of the identity and address of the insurer to which the claim is assigned, or of the facility if the claim is assigned to it. An action by the claimant shall not be commenced more than 30 days after receipt of notice of the assignment or the last date on which the action could have been commenced against an insurer of identifiable coverage applicable to the claim, whichever is later.

Claims filed through the MACF remain subject to the one-year-back rule found in MCL 500.3145(1).[16]

### D. ANALYSIS

#### 1. MCL 500.3174 AND THE MCL 500.3145(1) STATUTE OF LIMITATIONS

Reading MCL 500.3174 and MCL 500.3145(1) together, we conclude that the statute of limitations found in MCL 500.3145(1) does not preclude Bronson Methodist Hospital's action. Bronson Methodist Hospital notified the MACF of its claim on December 14, 2007, within one year of the date of the accident. The MACF

---

[14] MCL 500.3172; *Hunt v Citizens Ins Co*, 183 Mich App 660, 665; 455 NW2d 384 (1990).

[15] *Parks v Detroit Automobile Inter-Ins Exch*, 426 Mich 191, 210; 393 NW2d 833 (1986), quoting MCL 500.3172(1).

[16] *Henry Ford Health Sys v Titan Ins Co*, 275 Mich App 643, 646-647; 741 NW2d 393 (2007).

assigned the claim to Allstate on January 7, 2008, and Bronson Methodist Hospital received notification of the assignment on January 15, 2008. Bronson Methodist Hospital then commenced the current action on February 6, 2008.

Generally, under MCL 500.3145(1), Bronson Methodist Hospital's action against Allstate would be time-barred because Brown's treatment ended on January 5, 2007, thus barring commencement of an action after January 5, 2008. However, MCL 500.3174 provides that "[a]n action by the claimant shall not be commenced more than 30 days after receipt of notice of the assignment or the last date on which the action could have been commenced against an insurer of identifiable coverage applicable to the claim, whichever is later."[17] Here, the thirtieth day after the receipt of notice of the assignment was February 15, 2008, which date was later than January 5, 2008, "the last date on which the action could have been commenced against an insurer of identifiable coverage applicable to the claim[.]" Therefore, Bronson Methodist Hospital timely commenced this action on February 6, 2008.

### 2. MCL 500.3174 AND THE MCL 500.3145(1) RECOVERY LIMITATION

The issue then becomes, however, whether the recovery limitation, or one-year-back rule, found in MCL 500.3145(1), precludes Bronson Methodist Hospital's recovery or if MCL 500.3174 also extends the recovery limitation. This is an issue of first impression.

The relevant language found in MCL 500.3174, *"[a]n action* by the claimant *shall not be commenced* more than 30 days after receipt of notice of the assignment or the last date on which the action *could have been*

---

[17] MCL 500.3174.

*commenced* against an insurer of identifiable coverage applicable to the claim, whichever is later[,]"[18] uses the same words as found in MCL 500.3145(1):

> *An action* for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury *may not be commenced* later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, *the action may be commenced* at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred.[19]

Each emphasized phrase includes language limiting when *an action* can be *commenced*. Because the Legislature chose to use the same language in each provision, we conclude that the Legislature intended that the different sections be treated in the same manner to accomplish the same purpose.[20] "A phrase that is found in multiple sections throughout the no-fault act should be consistently construed."[21] More specifically, as explained previously, the Michigan Supreme Court has already interpreted the two phrases in MCL 500.3145(1) to constitute statutes of limitations,[22] and therefore, use of the same terms found in MCL 500.3174 should also be interpreted as relating to the statute of limitations.

---

[18] Emphasis added.

[19] MCL 500.3145(1) (emphasis added).

[20] *Farmers Ins Exch v Farm Bureau Gen Ins Co*, 272 Mich App 106, 116; 724 NW2d 485 (2006).

[21] *Amy v MIC Gen Ins Corp*, 258 Mich App 94, 106; 670 NW2d 228 (2003), rev'd on other grounds *sub nom Stewart v Michigan*, 471 Mich 692 (2004).

[22] *Devillers, supra* at 574.

In addition, MCL 500.3174 does not contain any language extending the recovery limitation of MCL 500.3145(1). "When the Legislature enacts laws, it is presumed to know the rules of statutory construction and therefore its use or omission of language is generally presumed to be intentional."[23] Further, undefined words that have a peculiar and appropriate meaning in the law should be construed according to that meaning.[24]

The word "action" "in its usual legal sense means a suit brought in a court; a formal complaint within the jurisdiction of a court of law."[25] In construing the similar provisions in MCL 500.3145(1) as statutes of limitations, our Courts necessarily used the particular legal meaning of the word "action," because statutes of limitations are designed to encourage plaintiffs to diligently pursue their actions and protect defendants from defending stale claims.[26] Therefore, the omission of language in MCL 500.3174 extending the recovery limitation was intentional where the Legislature referred only to "actions." Thus, recovery of benefits remains subject to the one-year-back rule.

The Legislature is presumed to intend the meaning the statute expresses.[27] And the plain, unambiguous language of the statute should be enforced as written.[28] " ' "Only where the statutory language is ambiguous may a court properly go beyond the words of the statute

---

[23] *Carson City Hosp v Dep't of Community Health*, 253 Mich App 444, 447-448; 656 NW2d 366 (2002).

[24] *Feyz, supra* at 673.

[25] Black's Law Dictionary (5th ed).

[26] See *Bates v Mercier*, 224 Mich App 122, 128; 568 NW2d 362 (1997).

[27] *Universal Underwriters Ins, supra* at 544.

[28] *McGhee v Helsel*, 262 Mich App 221, 224; 686 NW2d 6 (2004).

to ascertain legislative intent." ' "[29] An ambiguity does not exist simply because a court questions whether the Legislature intended the consequence of the language at issue.[30] An ambiguity exists only where the words of the statute can be viewed with more than one accepted meaning,[31] which is not the case herein. Any other interpretation by this Court would require impermissible judicial interpretation.

In sum, MCL 500.3174 does not extend the recovery limitation found in MCL 500.3145(1), because the language used by the Legislature in MCL 500.3174 unambiguously describes only an extension of the statute of limitations period.

The application of the recovery limitation therefore precludes Bronson Methodist Hospital's claim. The one-year-back rule draws a strict line, which must be followed even with unfair results.[32] Because Bronson Methodist Hospital commenced this action on February 6, 2008, it was precluded from recovering any benefits for treatment occurring before February 6, 2007. Bronson Methodist Hospital last treated Brown on January 5, 2007. Thus, Bronson Methodist Hospital is no longer entitled to recover any of the medical expenses it provided to Brown.

Affirmed.

---

[29] *Id.*, quoting *Colucci v McMillin*, 256 Mich App 88, 94; 662 NW2d 87 (2003), quoting *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

[30] *Id.*

[31] *Id.*

[32] *Henry Ford, supra* at 647.