*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SANDRA ERSKINE,

        Plaintiff-Appellant,

v

STEVEN MALLIE, also known as STEPHEN
MALLIE, and SMDM VENTURES LLC,

        Defendants-Appellees.

UNPUBLISHED
April 7, 2022

No. 356887
Wayne Circuit Court
LC No. 20-006865-NO

Before: GLEICHER, C.J., and K. F. KELLY and PATEL, JJ.

PER CURIAM.

Sandra Erskine filed this premises liability action against SMDM Ventures LLC and Steven Mallie after she tripped and fell on an unmarked fence post while attempting to deliver a rent payment to Steven Mallie. The circuit court correctly summarily dismissed Erskine's claims against SMDM on res judicata grounds as Erskine had previously filed and dismissed a complaint against SMDM "with prejudice." The circuit court also summarily dismissed Erskine's claims against Steven Mallie because Mallie was not the "owner" of the property. But the circuit court failed to consider whether as the "possessor" in "control" of the property, Mallie owed Erskine a duty to maintain the premises. We affirm the dismissal of the claims against SMDM and the statutory claim against Mallie, vacate the dismissal of the premises-liability count against Mallie, and remand for continued proceedings.

## I. BACKGROUND

Sandra Erskine approached a home located at 518 Ford Avenue in Wyandotte to deliver a rent payment to Steven E. Mallie. Apparently, Erskine had recently signed an agreement to rent the Ford Avenue home; because no discovery has been accomplished, the facts surrounding the reason for Erskine's visit to the home are somewhat unclear. Construction was underway at the property. Erskine "tripped over an unmarked fence post" and severely injured her shoulder when she fell. Erskine alleged that she required surgery and suffered from "physiological trauma."

Erskine filed suit against SMDM Ventures, LLC and Mallie, raising premises liability and statutory negligence claims. The parties entered a stipulated order permitting Erskine to file an

amended complaint to correct the spelling of SMDM and to remove the claims against Mallie as an individual defendant. The order specifically reserved the right to name Mallie individually as a defendant "in the future upon the filing of a motion to amend her pleadings and subsequent hearing with the court." Erskine subsequently filed an amended complaint in the 2018 action against only SMDM Ventures, LLC. However, Erskine then stipulated to the dismissal of that action with prejudice. Shortly thereafter, she voluntarily dismissed her claims against defendant SMDM with prejudice and consented to the entry of a Stipulated Order of Dismissal with Prejudice. The case was closed.

Six months later, Erskine filed this action against Mallie and SMDM, raising claims identical to those raised in the first action. Specifically, Erskine raised one court of premises liability and one count alleging a violation of MCL 554.139(1). In lieu of an answer, defendants filed a motion for summary disposition under MCR 2.116(C)(7) and (8), asserting that Erskine's claims against SMDM were barred under the doctrine of res judicata. Defendants further asserted that Erskine's claims against Mallie could not be legally supported because Mallie did not own the property individually. Rather, defendants alleged, Mallie was a managing member of SMDM, which was purchasing the property through a land contract from a third-party.

Erskine retorted that Mallie nevertheless could be held liable because he maintained "possession" and "control" of the property, and therefore owed Erskine a duty to maintain the premises. Additionally, Erskine described her current claims against SMDM as premised on SMDM's vicarious liability for failing to ensure that its agent manager upheld his duty to maintain the premises. The claims therefore were not barred by res judicata, she urged.

The circuit court summarily dismissed Erskine's complaint in its entirety, ruling that the current claims against SMDM were barred under the doctrine of res judicata. The court rejected Erskine's position that Mallie, as the "possessor" and "controller" of the property, owed Erskine a duty. Specifically, the court reasoned, "[T]he theories of liability pled in the complaint apply only to the owner of a property, not to individuals who own a corporate entity that owns the property."

Erskine filed a delayed application for leave to appeal, which this Court granted.

## II. ANALYSIS

We review de novo a circuit court's decision on a motion for summary disposition. *Wayne Co v Wayne Co Retirement Comm*, 267 Mich App 230, 243; 704 NW2d 117 (2005). Summary disposition is warranted under MCR 2.116(C)(7) when a claim is barred by the doctrine of res judicata. In reviewing a motion under (C)(7), the court must consider the evidence presented by the parties, accepting as true the plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence and construing them in the plaintiff's favor. *Bronson Methodist Hosp v Allstate Ins Co*, 286 Mich App 219, 222-223; 779 NW2d 304 (2009).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted. We must accept all well-pleaded allegations as true and construe them in the light most favorable to the nonmoving party. The motion should be granted only if no factual development could possibly justify recovery.

-2-

[*Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013) (quotation marks and citations omitted).]

Erskine contends that the circuit court erred in finding her claims against SMDM barred by the doctrine of res judicata because her current claims arise from SMDM's vicarious liability for Mallie's actions, while the prior action involved claims of direct liability. However, the doctrine of res judicata broadly bars not only the claims actually brought in a previous suit, but also any claims that could have been maintained. *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). Erskine knew of her vicarious liability claims when she filed her first action; she also filed suit against Mallie and knew that Mallie was at least an agent for SMDM. Her claims arose from a single event or transaction—her appearance on property owned or controlled by SMDM and/or Mallie to make her first rent payment for the property. Yet Erskine voluntarily dismissed her prior complaint against SMDM with prejudice. This was "an adjudication on the merits for res judicata purposes," *Limbach v Oakland Co Rd Comm*, 226 Mich App 389, 395; 573 NW2d 335 (1997), requiring that we affirm the circuit court's summary disposition ruling.[1]

Erskine also challenges the circuit court's summary dismissal of her premises-liability claim against Mallie as an individual, contending that the court failed to consider whether Mallie could be held liable as a "possessor" in "control" of the property. The circuit court incorrectly reasoned that Mallie could only be held liable if he were an "owner" of the property. Accordingly, we must vacate the circuit court's order in this regard.

"It is well established . . . that 'premises liability is conditioned upon the presence of both possession and control over the land,' " and "not necessarily ownership." *Kubczak v Chem Bank & Trust Co*, 456 Mich 653, 660; 575 NW2d 745 (1998), quoting *Merritt v Nickelson*, 407 Mich 544, 552-553; 287 NW2d 178 (1980). See also *Quinlivan v Great Atlantic. & Pacific Tea Co*, 395 Mich 244, 270; 235 NW2d 732 (1975). This well-established legal precept provides that a person need not be an owner of the premises to owe a duty of care.

Mallie's affidavit averred that he is a managing member of SMDM, and defendants presented a land contract indicating that SMDM was in the process of purchasing the property. On the day of Erskine's fall, Mallie was on the property and ready to accept her first rent payment. Active construction was under way. Defendants presented no evidence or explanation regarding Mallie's presence and we may not speculate. A motion under MCR 2.116(C)(8) may only "be granted only if no factual development could possibly justify recovery." *Zaher*, 300 Mich App at 139. Evidence supporting Mallie's possession or control may be developed during discovery. Accordingly, summary disposition under MCR 2.116(C)(7) was not properly granted in this regard.

We affirm the dismissal of the claims against SMDM and the statutory claim against Mallie, vacate the dismissal of the premises-liability claim against Mallie, and remand for

---

[1] We note that defendants have not contended that Mallie was entitled to summary disposition on res judicata grounds based on privity of the parties.

continued proceedings.  We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Sima G. Patel