# STATE OF MICHIGAN

# COURT OF APPEALS

---

HOWARD T. LINDEN, Conservator for the Estate of INDIA ARNE THOMAS a/k/a INIA ARNE THOMAS,

        Plaintiff-Appellee,

v

CITIZENS INSURANCE COMPANY OF AMERICA,

        Defendant/Third-Party Plaintiff-
        Appellant,

and

WILLIAM THOMAS and TAMAKIA THOMAS,

        Third Party Defendants.

FOR PUBLICATION
November 13, 2014
9:25 a.m.

No. 312702
Ingham Circuit Court
LC No. 10-001572-NF

---

Before: WILDER, P.J., and FITZGERALD and MARKEY, JJ.

PER CURIAM.

In this action for personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, defendant appeals by leave granted[1] the trial court's order denying defendant's motion for summary disposition under MCR 2.116(C)(7) or, in the alternative, partial summary disposition under MCR 2.116(C)(10), and granting partial summary disposition in favor of plaintiff. We affirm in part, reverse in part, and remand.

Plaintiff brought this action to recover PIP benefits on behalf of India Arne Thomas (India), for accidental bodily injuries arising out of a July 17, 2001 automobile accident. It is undisputed that India was a minor at the time of the accident. Plaintiff alleges that India sustained massive catastrophic brain damage and other extensive physical injuries in the

---

[1] *Estate of India Arne Thomas v Citizens Ins Co*, unpublished order of the Court of Appeals, issued July 15, 2013 (No. 312702).

-1-

accident, resulting in her being confined to a wheelchair and requiring 24-hour per day life-sustaining medical care, monitoring, and supervision. It is also undisputed that no identifiable coverage applied to India's injury and that written notice of India's claim for PIP benefits was first given to the Michigan Assigned Claims Facility (MACF) on June 24, 2010.

The MACF assigned the claim to defendant, who denied PIP benefits on the basis that plaintiff's claim was time-barred under MCL 500.3145(1) and MCL 500.3174. Plaintiff filed this action on December 8, 2010. Following a hearing, the trial court denied defendant's motion for summary disposition or partial summary disposition, and it granted partial summary disposition in favor of plaintiff on all issues raised in defendant's motion. First, the trial court ruled that MCL 500.3145(1)'s one-year statute of limitations was tolled by the minority/insanity tolling provisions of MCL 600.5851(1). Second, the trial court ruled that the one-year-back rule of MCL 500.3145(1) did not apply to plaintiff because MCL 500.3174 does not contain such a rule and because the equitable doctrine of *contra non valentem* prevents a time prescription from running against a person incapable of protecting their rights, such as India.

This Court reviews de novo both questions regarding the interpretation and application of statutes, and a decision to grant or deny a motion for summary disposition. *Coblentz v Novi*, 475 Mich 558, 567; 719 NW2d 73 (2006).

When considering a motion for summary disposition under MCR 2.116(C)(7), "the trial court must accept as true the allegations of the complaint unless contradicted by the parties' documentary submissions." *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 443; 761 NW2d 846 (2008). If the pleadings and documentary evidence reveal no genuine issues of material fact, the court decides whether a claim is barred as a matter of law. *Id.* at 443-444. Summary disposition under MCR 2.116(C)(10) is appropriate when, considering the evidence and all legitimate inferences in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law. *Coblentz*, 475 Mich at 567-568.

Defendant first argues that, under MCL 500.3145(1) and MCL 500.3174, plaintiff cannot maintain this action because written of notice of injury was not given to the MACF within one year of the accident. We disagree.

The primary goal of interpreting statutory language is to effectuate the Legislature's intent. *Lafarge Midwest, Inc v Detroit*, 290 Mich App 240, 246; 801 NW2d 629 (2010). If the language used in the statute is clear, the Legislature must have intended the meaning it plainly expressed, and the statute must be enforced as written. *Id.* at 246-247. "Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent." *Whitman v City of Burton*, 493 Mich 303, 312; 831 NW2d 223 (2013). A statutory provision is ambiguous only if it irreconcilably conflicts with another provision or when it is equally susceptible to more than one meaning. *Lafarge Midwest*, 290 Mich App at 247.

If construction of a statute is necessary, "a court must look to the object of the statute in light of the harm it is designed to remedy and apply a reasonable construction that best accomplishes the purposes of the statute." *C D Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich

App 389, 408; 834 NW2d 878 (2013). Every word of the statute is presumed to have some meaning, so courts should avoid any construction that would render any part of the statute surplusage or nugatory. *Whitman*, 493 Mich at 312-313. Statutes that relate to the same subject or share a common purpose are *in pari materia* and must be read together as one law. *Titan Ins Co v State Farm Mutual Auto Ins Co*, 296 Mich App 75, 84; 817 NW2d 621 (2012).

Under the no-fault act, uninsured claimants may obtain PIP benefits through an assigned claims plan. MCL 500.3172. Before June 27, 2012, uninsured persons were required to file their claims through the MACF.[2] MCL 500.3172; 2012 PA 204. Specifically, MCL 500.3174 provided as follows:

> A person claiming through an assigned claims plan shall notify the facility of his claim within the time that would have been allowed for filing an action for personal protection insurance benefits if identifiable coverage applicable to the claim had been in effect. The facility shall promptly assign the claim in accordance with the plan and notify the claimant of the identity and address of the insurer to which the claim is assigned, or of the facility if the claim is assigned to it. An action by the claimant shall not be commenced more than 30 days after receipt of notice of the assignment or the last date on which the action could have been commenced against an insurer of identifiable coverage applicable to the claim, whichever is later.

Defendant is correct that the first sentence of MCL 500.3174 contains a notice provision, but it only required plaintiff to notify the MACF of the claim "within the time that would have been allowed for filing an action for [PIP] benefits if identifiable coverage applicable to the claim had been in effect." MCL 500.3174. The third sentence limits the time in which a plaintiff could bring an action for PIP benefits, stating that it "shall not be commenced more than 30 days after receipt of notice of the assignment or the last date on which the action could have been commenced against an insurer of identifiable coverage applicable to the claim, whichever is later." Thus, plaintiff timely notified the MACF of her claim and timely filed her action if she accomplished both within the time that would have been allowed for her to file an action if identifiable coverage had been available.

The time that would have been allowed to file an action if identifiable coverage had been available is governed by MCL 500.3145(1), which provides in pertinent part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made,

---

[2] Following the enactment of 2012 PA 204, such claims are now filed through the Michigan automobile insurance placement facility. MCL 500.3171.

the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. . . .

As our Supreme Court has explained, the statute contains two distinct limitations on the time for commencing an action. *Cameron v Auto Club Ins Ass'n*, 476 Mich 55, 61, 70; 718 NW2d 784 (2006).[3] Under the first half of the first sentence, a claimant may file an action for benefits not later than one year after the date of the accident causing injury. *Id.* Under the second half of the first sentence and the second sentence, a claimant may file an action for benefits at any time within one year of the most recent allowable expense if the claimant gave written notice of injury to the insurer within one year after the accident or the insurer previously paid PIP benefits for the injury. *Id.* at 70 (stating that "in cases where the insured has given notice or the insurer has previously paid benefits," the claimant "is subject to the separate and distinct period of limitations for filing suit that starts at the time of the most recent loss").

Notably, MCL 500.3145(1) does not require a claimant to give written notice of injury if an action is commenced within one year of the accident. And if MCL 600.5851(1) tolled the one-year statute of limitation for filing an action for PIP benefits, plaintiff's deadline to notify the MACF of her claim under MCL 500.3174 would be tolled to the same extent.

MCL 600.5851(1) provides as follows:

> Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action *under this act* is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852. [Emphasis added.]

There is no dispute on appeal that plaintiff is entitled to the protections of MCL 600.5851(1). Instead, the issue is whether MCL 600.5851(1) applies to an action for PIP benefits under the no-fault act.

Defendant argues that MCL 600.5851(1) cannot be invoked in an action under the no-fault act because under a 1993 amendment, the statute was expressly limited to actions "under *this act*," meaning the RJA, and an action under the no-fault act is not under the RJA. Defendant asserts that the meaning of the phrase "under this act" is an open question for this Court to decide in light of *Cameron*, 476 Mich at 64, which vacated this Court's ruling that the tolling provision at issue does not apply to statute of limitations for no-fault actions because it was unnecessary to

---

[3] The Court's decision in *Cameron* was overruled by *Univ of Mich Regents v Titan Ins Co*, 487 Mich 289; 791 NW2d 897 (2010). In *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 204; 815 NW2d 412 (2012); however, the Court overruled *Regents* and reinstated *Cameron*.

reach the issue. Plaintiff responds, without citation to controlling authority, that all civil actions are brought "under" the RJA and argues that the Michigan Supreme Court has never doubted that MCL 600.5851(1) applies to actions under the no-fault act.

In *Klida v Braman*, 278 Mich App 60; 748 NW2d 244 (2008), this Court decided the meaning of the phrase "under this act" after a lengthy discussion and analysis. The Court concluded that all civil actions are brought "under the RJA," whether based on statute, common law, or contract, and MCL 600.5851(1) is applicable to such actions. The Court opined:

> We conclude that a reasonable construction of the phrase "under this act" contained within the minority tolling provision, MCL 600.5851(1), that best accomplishes the statute's purpose is that all civil actions are brought "under" the RJA, including plaintiff's breach of contract action. We discern no persuasive reason to ascribe a legislative intent to limit the application of MCL 600.5851(1) to causes of action arising from a purported violation of a specific statutory provision contained within the RJA or to causes of action for which the applicable statute of limitations is provided by the RJA. And, considering the RJA's remedial character, the protective purpose of the minority tolling provision, as well as the harm it was designed to remedy—the deprivation of legal rights—we conclude that whether the cause of action arises by statute, common law, or contract, the minority tolling provision is applicable. To deny minors whose cause of action accrues during their disability the opportunity to pursue their otherwise unasserted legal rights would be the antithesis of the firmly-rooted public policy that such minors are to be protected until one year after they reach the age of majority. Such persons would be denied their legal rights simply because they labored under a legal disability. [*Klida*, 278 Mich App at 74-75 (citation omitted).]

Accordingly, since there is no dispute that plaintiff's action is a civil action, the minority/insanity tolling provisions of MCL 600.5851(1) are applicable.

We must next consider whether the minority/insanity tolling provisions of MCL 600.5851(1) apply to MCL 500.3145(1) one-year statute of limitations and the one-year-back rule. Defendant argues that the tolling provisions cannot apply to the limitations provided in the first sentence of MCL 500.3145(1) because they are notice provisions, not statutes of limitations. But as discussed above, "MCL 500.3145(1) contains two limitations on the time for commencing an action." *Cameron*, 476 Mich at 61. Accordingly, the first sentence is considered a "statute of limitations," to which MCL 600.5851(1) applies. See *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 207-208, 214; 815 NW2d 412 (2012). However, MCL 500.3145(1) also contains a limitation on "the period for which benefits may be recovered." *Cameron*, 476 Mich at 61. Specifically, the third sentence of MCL 500.3145(1) provides that a claimant "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." MCL 500.3145(1). This limitation on damages is commonly referred to as the "one-year-back rule." See *Cameron*, 476 Mich at 62; *Joseph*, 491 Mich at 214.

Unlike the statute of limitations, the one-year-back rule is not subject to the minority/insanity tolling provisions of MCL 600.5851(1). *Joseph*, 491 Mich at 203, 222.

-5-

Further, the one-year-back rule "must be enforced by the courts of this state as our Legislature has written it." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 586; 702 NW2d 539 (2005); See also *Henry Ford Health Sys v Titan Ins Co*, 275 Mich App 643; 741 NW2d 393 (2007).

The trial court nevertheless ruled that MCL 500.3145(1)'s one-year-back rule did not apply to a plaintiff seeking PIP benefits under an assigned claims plan because MCL 500.3174 does not contain a one-year-back rule. Defendant, relying on *Bronson Methodist Hosp v Allstate Ins Co*, 286 Mich App 219; 779 NW2d 304 (2009), argues that the trial court erred. Plaintiff responds that *Bronson Methodist Hosp* did not actually decide whether the one-year-back-rule applies to claims under an assigned claims plan because the parties implicitly assumed that it applied. Contrary to plaintiff's contention, we conclude that *Bronson* squarely decided this issue. The Court, citing *Henry Ford Health Sys*, 275 Mich App at 646-647, noted that "[c]laims filed through the MACF remain subject to the one-year-back rule found in MCL 500.3145(1)." *Bronson Methodist Hosp*, 286 Mich App at 225. The Court reasoned that the Legislature's "omission of language in MCL 500.3174 extending the recovery limitation was intentional" and, therefore, "recovery of benefits remains subject to the one-year-back rule." *Id*. at 228. Thus, the Court explicitly held that "MCL 500.3174 does not extend the recovery limitation found in MCL 500.3145(1) because the language used by the Legislature in MCL 500.3174 unambiguously describes only an extension of the statute of limitations period." *Bronson Methodist Hosp*, 286 Mich App at 229. Thus, the trial court erred by not applying the one-year-back rule on the basis of MCL 500.3174.

Lastly, defendant argues that the trial court erred in concluding that the equitable doctrine of *contra non valentem* precluded all time limitations of MCL 500.3145(1) from running against plaintiff. We agree.

Black's Law Dictionary (9th ed), defines the doctrine of *contra non valentem* as follows: "The rule that a limitations or prescriptive period does not begin to run against a plaintiff who is unable to act, usu. because of the defendant's culpable act, such as concealing material information that would give rise to the plaintiff's claim."

Plaintiff has failed to establish that the doctrine of *contra non valentem* is recognized and applied in Michigan. Plaintiff asserts that the doctrine of *contra non valentem* is a venerable common-law principle that has been recognized in this Court for at least 25 years and that it precludes all time limitations in MCL 500.3145(1) from running against plaintiff. In support of this assertion, plaintiff cites one published decision, *Kalakay v Farmers Ins Group*, 120 Mich App 623; 327 NW2d 537 (1982), non-binding under MCR 7.215(J)(1), in which this Court referenced the doctrine but stated that it did not apply under the circumstances, and two unpublished decisions similarly ruling that the doctrine did not apply under the circumstances.

Moreover, our Supreme Court has held that courts may not use their equitable powers to disregard the one-year-back rule on the basis that the statute itself is unfair.[4] In *Devillers*, 473 Mich at 589, the Court rejected the view that "judges are omniscient and may, under the veil of equity, supplant a specific policy choice adopted on behalf of the people of Michigan by their elected representatives in the Legislature." The Court explained the danger of such an approach under our constitutional system of separation of powers:

> Indeed, if a court is free to cast aside, under the guise of equity, a plain statute such as § 3145(1) simply because the court views the statute as "unfair," then our system of government ceases to function as a representative democracy. No longer will policy debates occur, and policy choices be made, in the Legislature. Instead, an aggrieved party need only convince a willing judge to rewrite the statute under the name of equity. While such an approach might be extraordinarily efficient for a particular litigant, the amount of damage it causes to the separation of powers mandate of our Constitution and the overall structure of our government is immeasurable. . . . [*Id.* at 591.]

While acknowledging that "courts undoubtedly possess equitable power," the Court stated that "such power has traditionally been reserved for 'unusual circumstances' such as fraud or mutual mistake." *Id.* at 590.

In this case, plaintiff has not alleged any unusual circumstance, such as fraud or mutual mistake, which would provide a basis for invoking judicial equitable powers as a means to disregard the plain language of MCL 500.3145(1). Although plaintiff's circumstances are unfortunate, this Court is bound to enforce the one-year-back rule as the Legislature has written it. *Devillers*, 473 Mich at 586.

We affirm in part, reverse in part, and remand for proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.

/s/ Kurtis T. Wilder
/s/ E. Thomas Fitzgerald
/s/ Jane E. Markey

---

[4] In *Devillers*, Justice Cavanagh would have applied "equitable tolling," which he considered another name for the doctrine of *contra non valentem*, to the one-year-back rule. *Devillers*, 473 Mich at 594 n 1 (Cavanagh, J., dissenting).