# STATE OF MICHIGAN

# COURT OF APPEALS

JUDY SANDERSON, ALBERT MORRIS, ANTONYAL LOUIS, and MADELINE BROWNE,

Plaintiffs-Appellants,

v

UNEMPLOYMENT INSURANCE AGENCY,

Defendant-Appellee.

UNPUBLISHED
August 23, 2018

No. 338983
Court of Claims
LC No. 16-000083-MM

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Plaintiffs appeal as of right the order of the Court of Claims granting summary disposition to defendant pursuant to MCR 2.116(C)(7) based on plaintiffs' failure to comply with the requirements of MCL 600.6431. We affirm.

Each of the plaintiffs collected unemployment benefits, were found to have improperly collected those benefits, and were required by defendant to pay restitution. Plaintiffs filed a complaint in the Court of Claims on April 12, 2016, alleging that defendant violated plaintiffs' due process rights "by intercepting tax refunds, garnishing wages and forcing repayments from claimants after the applicable statute of limitations [had] expired." Plaintiffs sought an order declaring that defendant's practices violated plaintiffs' rights; an order awarding plaintiffs economic damages; and an order permanently enjoining defendant from continuing to improperly intercept tax refunds, garnish wages, and collect the unemployment debts.

Defendant moved for summary disposition under MCR 2.116(C)(4), (7), and (8). Relevant to this appeal, under MCR 2.116(C)(7), defendant argued that it was entitled to governmental immunity because plaintiffs failed to comply with the notice requirements in MCL 600.6431. The Court of Claims agreed and granted defendant's motion based on plaintiffs' failure to comply with MCL 600.6431(3). The court reasoned that the crux of plaintiffs' claims concerned the seizure of plaintiffs' property and, therefore, plaintiffs' claims qualified as claims for property damage subject to the six-month notice requirement in MCL 600.6431(3). The

-1-

court then reviewed the dates of plaintiffs' allegations and determined that none of plaintiffs' claims accrued within six months of the filing of the complaint.[1] The court denied as futile plaintiffs' request to amend their complaint.

On appeal, plaintiffs first argue that "[t]he Court of Claims erred when it dismissed Plaintiffs' declaratory and injunctive relief claims based upon statutes of limitations." However, the Court of Claims dismissed plaintiffs' claims based on failure to comply with the notice requirements in MCL 600.6431, and it appears that plaintiffs conflate the notice requirements in MCL 600.6431 with a statute of limitations. Although these requirements are often treated the same, they are nonetheless two distinct concepts. A statute of limitations is a law that bars parties from bringing a claim after a certain amount of time has passed. *Black's Law Dictionary* (10th ed). A notice of intent exists to "apprise the defendant of the claims that the plaintiff plans to bring before a complaint is filed." *Potter v McLeary*, 484 Mich 397, 464; 774 NW2d 1 (2009) (MARKMAN, J., concurring in part and dissenting in part). Therefore, plaintiffs have not presented any error for us to review.[2]

Plaintiffs next argue that their claims are not subject to a six-month notice requirement under MCL 600.6431(3) because they did not suffer property damage. We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). "A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of governmental immunity." *Pew v Mich State Univ*, 307 Mich App 328, 331-332, 859 NW2d 246 (2014). This Court reviews de novo whether governmental immunity applies in a particular case, *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012), and reviews de novo questions involving the interpretation and application of statues, *Linden v Citizens Ins Co of America*, 308 Mich App 89, 91; 862 NW2d 438 (2014).

Generally, governmental immunity provides that governmental agencies are immune from tort liability. *McCahan v Brennan*, 492 Mich 730, 736; 822 NW2d 747 (2012). "[B]ecause the government may voluntarily subject itself to liability, it may also place conditions or limitations on the liability imposed." *Id*. One of these conditions is the notice provision in MCL 600.6431. *Id*. Absent compliance with this notice provision, a party may not maintain a claim against the state. *Id*. at 742.

MCL 600.6431 provides, in pertinent part:

---

[1] Plaintiffs did not file a notice of intent before filing their complaint.

[2] Moreover, plaintiffs present no argument or caselaw for the proposition that it is error to dismiss claims for declaratory and injunctive relief based on a party's failure to comply with notice requirements. Therefore, we need not address this issue. See *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

(1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

\* \* \*

(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.

A claim is an action for property damage if it involves a harm or injury to a person's "right of lawful, unrestricted use of" the person's property, regardless of the type of loss. *Laurence G Wolf Capital Mgt Trust v City of Ferndale*, 269 Mich App 265, 272-273; 713 NW2d 274 (2005). "[C]onversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 497 Mich 337, 346; 871 NW2d 136 (2015) (quotation marks and citations omitted). In this case, plaintiffs alleged that the harm they suffered was defendant's conversion of various payments to plaintiffs to which defendant was not entitled. A claim for conversion is an action for property damage because it involves a harm to a person's lawful, unrestricted use of property. *Laurence G Wolf Capital Mgt Trust*, 269 Mich App at 272-273; *Aroma Wines & Equip, Inc*, 497 Mich at 346. Accordingly, the Court of Claims did not err by applying the six-month notice requirements in MCL 600.6431(3).[3]

Plaintiffs further argue that, even if the six-month notice period applies, a new claim accrues each time defendant improperly takes plaintiffs' money, and, because defendant improperly took funds from each plaintiff in the six months prior to the filing of the complaint,

---

[3] Plaintiffs argue that the Court of Claims erred by applying the six-month notice provision to their constitutional claims because they were *actually* asserting a statutory claim for restitution, despite how they labeled the claim at trial, and the one-year notice requirement applies to claims of statutory violations. Alternatively, plaintiffs argue that they "have the right to challenge . . . at any time" defendant's actions that violate due process. However, regardless of how the issue is framed, it is waived. A party may not appeal an error that the party created. *Clohset v No Name Corp*, 302 Mich App 550, 555; 840 NW2d 375 (2013). At the trial court, plaintiffs expressly agreed in their response to defendant's motion for summary disposition that "[t]he applicable notice period is six months for the constitutional claim (MCL § 600.6431(3)) . . . ." The Court of Claims relied on this statement when deciding this issue. Because any error with this ruling was created by plaintiffs, they are not entitled to appellate relief.

they satisfied the six-month notice requirement. We reject this argument because it is indistinguishable from the abrogated continuing-wrongs doctrine.

MCL 600.6431(3) provides that a claimant must file a notice of intent "within 6 months of the happening of the event giving rise to the cause of action." MCL 600.6431(1) states that a claimant must file notice "within 1 year after such claim has accrued," and the Michigan Supreme Court has concluded that "the only substantive change effectuated in subsection (3) is a reduction in the timing requirement for specifically designated cases." *McCahan v Brennan*, 492 Mich 730, 741; 822 NW2d 747 (2012). Thus, although MCL 600.6431(3) does not reference an accrual date, it is substantively referring to one, see *id.*, and plaintiffs are correct that the relevant inquiry is when their claims accrued.

At the time plaintiffs in this case received unemployment benefits, MCL 421.62(a)[4] provided that if defendant determined that a person had obtained benefits to which the person was not entitled, defendant may initiate actions to recover those benefits, but it "shall not recover improperly paid benefits from an individual more than 3 years . . . after the date of receipt of the improperly paid benefits, unless . . . the commission issued a determination requiring restitution within the 3-year or 6-year period." Plaintiffs argue, and we accept as true for purposes of this appeal, that defendant was not permitted to collect from them unless defendant issued a determination within the previous three years.[5] Therefore, we accept as true that defendant illegally collected debts from each plaintiff after the three-year statutory period for doing so expired, and then continued to engage in wrongful conduct by continuing to collect the debts. Plaintiffs argue that a separate claim accrued—and therefore the six-month period for MCL 600.6431(3) began to run—after *each* taking after the three-year period expired.

Statutory notice requirements are treated the same as statutory limitation periods. *Mays v Snyder*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket Nos. 335555; 335725; 335726), quoting *Rusha v Dep't of Corrections*, 307 Mich App 300, 311-312; 859 NW2d 735 (2014); slip op at 10 (" 'We see no reason—and plaintiff has provided none—to treat statutory notice requirements differently [than statutes of limitations].' ") (Alteration in *Mays*). Our Legislature provided the general rule for when a claim accrues and the claim's statute of limitation begins to run in MCL 600.5824, which provides as follows:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in [MCL 600.5829 to MCL 600.5838], and in cases not covered by these sections the claim

---

[4] Because plaintiffs each received benefits under a prior version of this statute, references to this statute in this opinion concern 1995 PA 125, the version in effect from June 30, 1995, to March 29, 2011, when it was replaced by 2011 PA 14.

[5] We, like the Court of Claims, presume without deciding that defendant acted improperly under MCL 421.62(a), thereby accepting plaintiffs' interpretation of this statute. Consequently, it is unnecessary to address the merits of plaintiffs' argument in that regard.

accrues at the time the wrong upon which the claim is based was done regardless
of the time when damage results.

Thus, a claim accrues when " 'the wrong upon which the claim is based was done regardless of when the damage results.' " *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 289; 769 NW2d 234 (2009), quoting MCL 600.5824.

In this case, the wrong upon which the claim is based—and consequently when the claim accrued—occurred when defendant *first* attempted to collect the debt from plaintiffs after the three-year period had passed since plaintiffs' last redetermination. While plaintiffs might continue to suffer *damage* as a result of the wrongful and belated collections, plaintiffs are not subject to a new wrong every time defendant collects on the debt. The only way that defendant would be subject to a later accrual date would be if defendant's continual tortious acts delayed the accrual date while the wrongful acts continued, i.e., if the continuing-wrongs doctrine applied. See *Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 81; 592 NW2d 112 (1999) (explaining the continuing wrongs doctrine). However, the Michigan Supreme Court has held that the "continuing violations" or "continuing wrongs" or "continuing torts" doctrine is no longer applicable because it is contrary to MCL 600.5824. See *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 282; 696 NW2d 646 (2005). As stated by this Court, the Michigan Supreme Court "completely and retroactively abrogated the common-law continuing wrongs doctrine in the jurisprudence of this state[.]" *Froling*, 283 Mich App at 288. Accordingly, we reject plaintiffs' continuing-wrongs argument.

Applying MCL 600.6431(3) to plaintiffs in this case, the claims of Sanderson, Louis, and Browne accrued more than six months before the complaint was filed,[6] and the Court of Claims correctly determined that the continuing-wrongs doctrine could not save plaintiffs' claims from their failure to abide by the six-month notice period. Accordingly, summary disposition in favor of defendant was proper, and it is unnecessary to address plaintiffs' remaining statutory-interpretation arguments.

Lastly, plaintiffs argue that the Court of Claims erred when it denied their motion to amend their complaint. However, plaintiffs have abandoned their argument by failing to address the basis for the Court of Claims's decision. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (stating that if a party does not address the basis of the trial court's decision, this Court need not even consider granting them relief). In this case, plaintiffs argue that leave to amend should be given freely and that they have not been given an opportunity to cure the deficiencies in their complaint. Plaintiffs do not address, much less engage in an analysis of, any reason why allowing an amendment to their complaint would not be futile, as the Court of Claims determined. Moreover, plaintiffs do not dispute the dates forming the basis for the Court of Claims's decision, and, therefore, they have not presented any

---

[6] Morris's claim had not yet accrued at the time of the complaint because his last redetermination was on December 5, 2013, and the three-year collection period had not yet elapsed when plaintiffs filed their complaint on April 12, 2016. Accordingly, Morris's claim was not yet ripe. See *Huntington Woods v Detroit*, 279 Mich App 603, 615-616; 761 NW2d 127 (2008).

basis for concluding that they satisfied the notice requirements of MCL 600.6431. Accordingly, plaintiffs are not entitled to relief.

Affirmed.

/s/ Michael J. Kelly
/s/ Colleen A. O'Brien