*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEAD & SPINE INSTITUTE, PC,

UNPUBLISHED
July 18, 2019

Plaintiff-Appellant,

v

No. 344461
Oakland Circuit Court
LC No. 2018-164021-NF

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY, MICHIGAN
ASSIGNED CLAIMS PLAN, and JOHN DOE,

Defendants-Appellees.

Before: M. J. KELLY, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Plaintiff, Michigan Head & Spine Institute, appeals as of right the trial court order granting defendants summary disposition under MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact). For the reasons stated in this opinion, we reverse and remand for further proceedings.

## I. BASIC FACTS

On February 28, 2017, Avake Bell was injured in a motor vehicle accident. He received medical treatment from Michigan Head & Spine. On February 1, 2018, Michigan Head & Spine, through its lawyer, submitted an application for personal protection insurance (PIP) benefits to the Michigan Automobile Insurance Placement Facility (MAIPF). Michigan Head & Spine attached a number of medical bills and records to the application.[1] However, it is undisputed that the application was not fully completed because several questions were unanswered and the answer to several additional questions was listed as "unknown." On February 20, 2018, the Michigan Assigned Claims Plan (MACP) sent a letter denying the claim because "[a]fter careful

---

[1] Although it is undisputed that medical bills and records were submitted with the application, a copy of those records is not included in the lower court file.

-1-

review it has been determined that your application is ineligible for assignment under [the] Michigan No Fault Act."

On February 23, 2010, Michigan Head & Spine filed a complaint against defendants, asserting that defendants had failed to make a proper payment for the services rendered despite receiving an application for benefits through the MACP. Defendants moved for summary disposition under MCR 2.116(C)(10), asserting that Michigan Head & Spine's case should be dismissed because it did not submit a complete application for benefits as required by the assigned claims plan adopted by the MAIPF. See MCL 500.3171(2) ("The Michigan automobile insurance placement facility shall adopt and maintain an assigned claims plan.").[2] In response, Michigan Head & Spine argued that Michigan's no-fault act, MCL 500.3101 *et seq.*, does not require the submission of an application for benefits. Instead, it required a claimant to provide the MAIPF with notice of the claim "within the time that would have been allowed for filing an action for personal protection insurance benefits if identifiable coverage applicable to the claim had been in effect." MCL 500.3174. Michigan Head & Spine asserted that by filing suit within one year of the accident, they had satisfied the statutory notice requirements. Additionally, it argued that the application submitted contained Bell's relevant contact information, the location of the accident, the nature of the injuries sustained, and "as much information as could be gleaned from [Michigan Head & Spine's] initial investigations and communications with [Bell]."

Although defendants only sought summary disposition under MCR 2.116(C)(10), the trial court sua sponte determined that summary disposition was warranted under MCR 2.116(C)(8). Relying on *Covenant Med Ctr, Inc v State Farm Mut Auto Ins*, 500 Mich 191; 895 NW2d 490 (2017), the trial court held that Michigan Head & Spine could not pursue its claim because it did not receive an assignment of no-fault benefits from Bell until March 8, 2018, which was after the complaint was filed. The court further determined that any amendment of the complaint would be futile under *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018) because the amendment would not relate back to the date of the original filing. Finally, the court held that defendants were entitled to relief under MCR 2.116(C)(10) because Michigan Head & Spine had failed to "timely notify" defendants of the claim and because "the application was deficient because it is incomplete."

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Michigan Head & Spine argues that the trial court erred by granting summary disposition under MCR 2.116(C)(10) because it provided timely notice under MCL 500.3174(1) and the no-

---

[2] The no-fault act, MCL 500.3101 *et seq.*, was substantially amended by 2019 PA 21, effective June 11, 2019. This case was commenced before the amendment and, therefore, it is controlled by the former provisions of the no-fault act. See *Johnson v Pastoriza*, 491 Mich 417, 429; 818 NW2d 279 (2012) (stating that as a general rule amendments to statutes are presumed to operate prospectively only). All references to the no-fault act are to the version in effect at the time this action was commenced.

fault act does not condition the receipt of benefits upon a claimant's submission of an application for benefits. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "[T]he circuit court must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "A motion for summary disposition under MCR 2.116(C)(10) shall be granted if there is no genuine issue regarding any material fact and the movant is entitled to judgment as a matter of law." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). The proper application and interpretation of a statute is reviewed de novo. *Barnard Mfg*, 285 Mich App at 369.

B. ANALYSIS

Whether a person is eligible for PIP benefits through the assigned claims plan is governed by MCL 500.3172(1). At the times relevant to this claim, MCL 500.3172(1) provided:

> A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through the assigned claims plan if no personal protection insurance is applicable to the injury, no personal protection insurance applicable to the injury can be identified, the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss, or the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. . . .

See also *WA Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 170; 909 NW2d 38 (2017).

MCL 500.3174 provided that a person claiming through the assigned claims plan must provide notice of the claim to the MAIPF "within the time that would have been allowed for filing an action for personal protection insurance benefits if identifiable coverage applicable to the claim had been in effect." The time frame for filing an action for PIP benefits where there is identifiable coverage is, in turn, set forth in MCL 500.3145(1), which provides, in pertinent part,

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance

-3-

benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

Notably, "MCL 500.3145(1) does not require a claimant to give written notice of injury if an action is commenced within one year of the accident." *Linden v Citizens Ins Co of America*, 308 Mich App 89, 95; 862 NW2d 438 (2014). Here, Michigan Head & Spine was required to provide notice within 1 year of the accident. It satisfied that obligation by commencing the instant suit on February 23, 2018. The accident occurred on February 28, 2017. Accordingly, notice was timely provided, and the trial court erred by granting summary disposition on the basis that notice was untimely.

Nevertheless, defendants argue that Michigan Head & Spine is required to submit to the MAIPF a complete and signed application for benefits within one year of the date of the accident. In support, they direct this Court to MCL 500.3171(2), which requires the MAIPF "to adopt and maintain an assigned claims plan." Such a plan was adopted and it provides that a claim for PIP benefits through the MACP must be made on an application prescribed by the MAIPF. It further provides that "[t]he application for benefits must be complete and signed by the claimant,"[3] that the application "[m]ust be accompanied by reasonable proof of loss, and documentation supporting that due diligence was exercised to establish the claimant is entitled to claim benefits through the [MACP]."[4]

However, unlike the requirement to provide timely notice within 1 year of the accident, which is, a statute of limitations, see *Linden*, 308 Mich App at 95, the requirement to complete the application does not mandate the dismissal of this suit just because Michigan Head & Spine did not satisfactorily complete the form. Further, defendants have offered no explanation as to why Michigan Head & Spine's failure to complete the application would require such a result. And it is clear that summary disposition under MCR 2.116(C)(10) would be warranted if Michigan Head & Spine's claim was properly denied under MCL 500.3173a. Pursuant to MCL 500.3173a, the MAIPF must make an *initial* determination of eligibility for benefits through the MACP, and it "shall deny an obviously ineligible claim."[5] Under this statute, if Michigan Head

---

[3] On appeal, defendants contend that Bell's failure to sign the form is fatal. However, the form supplied by the MAIPF expressly states that it may be signed by either the injured party or a representative. Accordingly, the fact that the application was signed by a lawyer and not by Bell is not dispositive.

[4] A copy of the plan adopted and maintained by the MAIPF was included in the lower court record. It is also available online at https://www.michacp.org/documents/MACP-Plan-of-Ops-Final.pdf (accessed July 1, 2019).

[5] The statute further provides that "[t]he claimant shall be notified promptly in writing of the denial and the reasons for the denial." MCL 500.3173a. Although not argued by the parties, it is clear based upon the lower court record that the MAIPF failed its statutory duty to promptly

& Spine's claim were obviously ineligible for benefits through the MACP, then defendants would be entitled to summary disposition.

The phrase "obviously ineligible" is not defined by the statute. "Obviously" is an adjective that means "in an obvious manner" or "as is plainly evident." *Random House Collegiate Dictionary* (11th ed). "Obvious" in turn means "easily discovered, seen, or understood." *Random House Collegiate Dictionary* (11th ed). Therefore, a claim is obviously ineligible if it is plainly evident or easily understood to not satisfy the eligibility requirements set forth in MCL 500.3172, which address when a person is eligible for benefits through the MACP. Relevant to this appeal, MCL 500.3172(1) provides:

> A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through the assigned claims plan if no personal protection insurance is applicable to the injury, no personal protection insurance applicable to the injury can be identified, the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss, or the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. In that case, unpaid benefits due or coming due may be collected under the assigned claims plan and the insurer to which the claim is assigned is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility.

Thus, a person would be obviously ineligible for benefits if it was plainly evident that there was no bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state. Additionally, a claim would also be obviously ineligible if (1) no personal protection insurance is applicable to the injury, (2) no personal protection insurance applicable to the injury can be identified, (3) the applicable insurance cannot be ascertained due to a dispute among insurers, or (4) the only applicable insurance is inadequate due to financial inability. Here, nothing in the application submitted by Michigan Head & Spine on February 1, 2018 establishes that the claim is "obviously ineligible." Instead, viewing the application in the light most favorable to Michigan Head & Spine, it does not appear that the claim was obviously ineligible so as to warrant a denial on the initial determination. First, in the application, Michigan Head & Spine asserts its belief that there was no insurance on the vehicle Bell was in at the time of the accident. Second, the application details that the accident arose out of Bell's operation of his uncle's motor vehicle on a street in Michigan, that it

---

notify Michigan Head & Spine of the reasons for the denial. Instead, its denial letter merely stated that it was denying the claim after "careful review," but it did not identify any specific deficiencies with the material or explain what additional information was required in order to make an initial determination of eligibility.

resulted in Bell sustaining injuries, and that Bell received specific medical treatment (which was supported by medical bills and records). In one section, it was noted that the information contained in the form was obtained by speaking with Bell. Therefore, although additional information could have been required to determine the eligibility of the claim, nothing in the submitted materials rendered the claim obviously ineligible. As a result, summary disposition was not warranted under MCR 2.116(C)(10) on the basis that the application was incomplete.

## IV. SUPPLEMENTAL PLEADING

### A. STANDARD OF REVIEW

Michigan Head & Spine argues that amending its complaint would not be futile because the one-year-back rule does not bar its complaint as Bell executed a valid assignment of benefits to Michigan Head & Spine and the dates of service were within one year of the date of the assignment. "The grant or denial of a motion for leave to amend pleadings is reviewed for an abuse of discretion." *Titan Ins v North Pointe Ins*, 270 Mich App 339, 346; 715 NW2d 324 (2006). "A trial court's decision on whether to permit a party to serve a supplemental pleading is also discretionary." *Shah*, 324 Mich App at 207. "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 442; 814 NW2d 670 (2012). "A trial court necessarily abuses its discretion when it makes an error of law." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016).

### B. ANALYSIS

In *Covenant*, the Michigan Supreme Court held that healthcare providers do not possess an independent statutory cause of action against no-fault insurers. *Covenant*, 500 Mich at 217-218. However, the *Covenant* Court clarified that a healthcare provider is not without recourse for services rendered to an injured person. *Id*. at 217. Specifically, the holding in *Covenant* did not "alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40. Although an assignment can allow a healthcare provider to maintain a lawsuit against an insurer, the one-year-back rule in MCL 500.3145(1) provides, in pertinent part, that "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." For purposes of the one-year-back rule, the relevant date is when the assignment was executed. *Shah*, 324 Mich App at 205.

The trial court determined that Michigan Head & Spine's claim was barred by *Covenant* because the assignment was executed after the complaint was filed, and allowing Michigan Head & Spine to amend its complaint to attach the assignment would be futile because its claim was barred by the one-year-back rule. The trial court erred when it determined that the one-year-back rule barred Michigan Head & Spine's claim. The one-year-back rule "is a damages-limiting provision because it limits a claimant's recovery to those losses incurred during the year before the filing of the action." *Joseph*, 491 Mich at 214. Instead of comparing the date of the assignment or the potential date of an amended complaint with the date of the accident, the trial court should have compared the assignment date to the dates of services that Michigan Head & Spine provided to Bell. *Shah*, 324 Mich App at 209. If a service was rendered more than one

year before the date of the assignment, plaintiff could not recover for such service. MCL 500.3145(1). Accordingly, the trial court erred when it determined that summary disposition was warranted on the basis of an erroneous application of the one-year-back rule.

Generally, "[i]f a trial court grants summary disposition pursuant to MCR 2.116(C)(8), (C)(9), or (C)(10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Shah*, 324 Mich App at 209 (quotation marks and citation omitted). Here, the trial court concluded that amending the complaint would be futile because the amended complaint would be filed more than one year after the accident, and therefore, would be barred by the one-year-back rule. While the trial court stated that Michigan Head & Spine could not amend its complaint, the trial court actually denied it the opportunity to supplement its complaint. See *id*. at 204 ("Furthermore, the procurement of the assignments was an event that occurred after the filing of the original complaint and provided the only means by which plaintiffs could have standing to maintain a direct action against defendant insurer for recovery of no-fault benefits in this case. . . . Therefore, plaintiffs' motion for leave to amend actually sought leave to file a supplemental pleading."). Despite the trial court's use of the incorrect terminology, "[c]ourts are not bound by a party's choice of labels because this would effectively elevate form over substance." *Id*. (quotation marks and citation omitted). As discussed above, the trial court misapplied the one-year-back rule. A correct application of the one-year-back rule would not be futile because Michigan Head & Spine could seek to recover for any services rendered from March 8, 2017 to March 8, 2018. Accordingly, the trial court abused its discretion when it refused to allow Michigan Head & Spine to supplement its complaint on the basis of its erroneous application of the one-year-back rule.

Reversed and remanded for further proceedings. We do not retain jurisdiction. Michigan Head & Spine may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Jane E. Markey