*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HASSAN AHMED SAAD,

　　　　　　Plaintiff-Appellant,

v

AMERICAN SELECT INSURANCE COMPANY
and SABER MOHAMED YAFFAI,

　　　　　　Defendants-Appellees.

UNPUBLISHED
January 18, 2024

No. 362247
Wayne Circuit Court
LC No. 20-010266-NI

Before: GLEICHER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiff Hassan Ahmed Saad appeals as of right the trial court's order granting summary disposition of his claim for benefits in favor of defendant American Select Insurance Company (ASIC) based on the lack of standing under MCR 2.116(C)(5) and (C)(10). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Saad initiated this action alleging, as relevant to the issues on appeal, that ASIC had unreasonably and unlawfully refused to pay personal protection insurance (PIP) benefits to which he was entitled under the no-fault act and his insurance policy arising out of an October 11, 2019 motor vehicle accident involving Saad and defendant Saber Mohamed Yaffai. Specifically, Saad sought to recover for unpaid medical expenses for treatment that he had received at the following five medical providers: 4 Transport, 411 Help, Gravity Imaging, SHP Services, and Spine & Health. Saad had executed a series of assignments transferring his right to collect or pursue PIP benefits for services he received from these medical providers. Despite the assignments, Saad filed suit against ASIC in August 2020, seeking PIP benefits for unpaid medical bills from these providers.

ASIC sought summary disposition on the ground that Saad lacked standing to pursue these claims as a result of the assignments. Saad responded by asserting that the issue was moot because he had subsequently obtained revocations of the assignments to the above medical providers. Saad attached the purported revocations from all of the above entities except SHP Services. Of the

-1-

attached revocations, only the revocation from Spine & Health included a date; that revocation was dated January 24, 2022.

ASIC argued in reply that Saad could only regain standing as of the date of the revocations. Further, ASIC argued that, pursuant to MCL 500.3145,[1] even if it were assumed that all of the revocations were executed on January 24, 2022, Saad could only seek recovery for any allegedly unpaid medical expenses incurred on or after January 24, 2021. Because the bills at issue were for expenses incurred before January 24, 2021, ASIC maintained that Saad's claims were time barred and should be dismissed on summary disposition because she never regained standing to assert pursue those claims.

At the hearing on ASIC's summary disposition motion, ASIC reiterated that to the extent Saad's assignments to the medical providers may have been revoked, Saad's claims were nonetheless barred by the one-year-back rule in MCL 500.3145 and Saad was not the real party in interest—as a result of the assignments—during the time frame in which the allegedly unpaid medical expenses at issue could have been pursued. Saad argued in response that the revocations rendered the assignments void *ab initio*. Saad also argued for the first time that the one-year period remained tolled because ASIC never provided him a formal denial of benefits.

The trial court granted ASIC's motion for summary disposition and dismissed the action. Saad moved for reconsideration and submitted new revocations that were notarized and dated May 11, 2022. The court denied Saad's motion and Saad filed a claim of appeal.

II. ANALYSIS

---

[1] MCL 500.3145 provides in relevant part as follows:

> (1) An action for recovery of [PIP] benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of [PIP] benefits for the injury.
>
> (2) Subject to subsection (3), if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.
>
> (3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim. This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence.

Saad challenges the dismissal of his claims, contending the revocations restored his standing retroactively to the date that he filed the lawsuit and the one-year-back period remained tolled because ASIC never provided a written claim denial.

We review de novo a lower court's resolution of a summary disposition motion and review for an abuse of discretion a court's denial of a reconsideration motion. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999); *Woods v SLB Prop Mgmt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). Questions involving the interpretation and application of statutes are reviewed de novo. *Linden v Citizens Ins Co of America*, 308 Mich App 89, 91; 862 NW2d 438 (2014).

Summary disposition under MCR 2.116(C)(5) is based on the ground that the "party asserting the claim lacks the legal capacity to sue," while MCR 2.116(C)(10) provides for summary disposition if "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." Under both subrules, a court must consider the pleadings and documentary evidence submitted by the parties. MCR 2.116(G)(5); *Wortelboer v Benzie County*, 212 Mich App 208, 213; 537 NW2d 603 (1995); *Maiden*, 461 Mich at 120. When considering a motion under MCR 2.116(C)(10), the evidence must be evaluated "in the light most favorable to the party opposing the motion," and if "the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden*, 461 Mich at 120.

Here, there is no indication that any of the medical expenses for which Saad sought recover were incurred any later than April 1, 2020. Saad filed this lawsuit on August 12, 2020. Generally, and subject to certain conditions not put in issue by the parties' arguments, an action for PIP benefits "may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred." MCL 500.3145(1). However, the one-year-back rule in MCL 500.3145(2) provides that "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." "The one-year-back rule is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 203; 815 NW2d 412 (2012).

Although it would ordinarily appear that Saad timely filed his lawsuit, he had previously executed assignments of his rights to pursue his claims for the medical expenses at issue to his medical providers. "When an assignment occurs, the assignee of a cause of action becomes *the real party in interest* with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor." *Wallace v Suburban Mobility Auth for Regional Transp*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 360537); slip op at 3 (quotation marks and citation omitted). As this Court has explained,

> A real party in interest is the one who is vested with the right of action on a given claim, although the beneficial interest may be in another. The real-party-in-interest doctrine recognizes that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy and protects a defendant from multiple lawsuits for the same cause of action. [*Id.* at ___; slip op at 3-4 (quotation marks and citations omitted).]

During the course of the proceedings in the trial court, Saad obtained revocations of these assignments from at least four of the medical providers executed, at the earliest, on January 24, 2022.

This Court was presented with a virtually identical factual scenario in *Wallace*. In that case, the plaintiff

> received medical treatment from various medical providers and executed assignments of rights in exchange for the treatment. Plaintiff filed suit within one year of the accident, but the medical providers did not. During the lower court proceedings[, almost two years after suit was commenced], the medical providers revoked the assignments in an apparent effort to save their claims from application of the "one-year-back rule," MCL 500.3145, by transferring those claims back to plaintiff. [*Id*. at ___; slip op at 2.]

The defendant argued on appeal in this Court that the plaintiff's claims were barred by the one-year-back rule because the plaintiff's assignments to her medical providers "divested plaintiff the right to pursue those PIP benefits" and the medical providers' claims under the assignments were already barred by the one-year-back rule by the time they executed the revocations of the assignments. *Id*. at ___; slip op at 4. Thus, the defendant argued that the plaintiff "was also barred by the one-year-back rule from pursuing those claims." *Id*.

This Court concluded that the trial court had erred by denying the defendant's motion for summary disposition. *Id*. at ___; slip op at 6. This Court reasoned:

> In this case, the majority of benefits at issue were assigned to the medical providers before plaintiff filed her complaint. Plaintiff executed assignments to C-Spine Ortho, Sierra Surgical, Select Specialists, and Baz Eagle Transportation between October 2019 and January 2020. Thus, upon execution of these assignments, these providers became the real parties in interest to the claims for benefits, and only the providers could bring an action to recover said benefits. . . . After executing the assignments and during the litigation, plaintiff obtained revocations for the assignments from C-Spine Ortho, Sierra Surgical, Select Specialists, and Baz Eagle Transportation in January 2022, after she filed her complaint.
>
> While the revocations of the assignments reassigned the providers' claims for benefits back to plaintiff, the revocations occurred more than a year after [the defendant] denied the medical providers' claims for benefits. Plaintiff and the providers executed the revocations in January 2022, and these revocations transferred the providers' interests to the claims for benefits back to plaintiff. However, by the time plaintiff obtained these revocations, the providers no longer had valid claims for benefits by operation of the one-year-back rule. . . . [The defendant] denied Sierra Surgical's claims on January 24, 2020, Select Specialists' claims on February 11, 2020, Baz Eagle Transportation's claims on February 28, 2020, and C-Spine Ortho's claims on April 8, 2020. As such, the providers needed

to bring an action against [the defendant] within one year of its formal denial, which they failed to do.

* * *

. . . when the transfer of the beneficial interest from the medical providers to plaintiff occurred in this case, the medical providers did not transfer an interest in a claim to which liability attached. When the medical providers revoked their assignments for the benefit of plaintiff to pursue her claims after the litigation began, the medical providers could no longer recover their claims by operation of the one-year-back rule. See MCL 500.3145. . . .

* * *

By January 2022, when plaintiff obtained the revocations, each provider's right to collect on these claims for benefits had already been extinguished by the one-year-back rule. Thus, there remained no actionable causes of action to give back to plaintiff. Therefore, the trial court erred in denying in part [the defendant's] motion for summary disposition of plaintiff's claims as it relates to the benefits plaintiff assigned to C-Spine Ortho, Sierra Surgical, Select Specialists, and Baz Eagle Transportation before she filed her complaint. [*Id*. at ___; slip op at 5-6.]

Our reasoning in *Wallace* applies with equal force to this case and is dispositive in resolving this appeal. When Saad assigned his rights to collect benefits and pursue payment to his medical providers, the medical providers became the real parties in interest with respect to those benefits and they were the only parties who could bring an action to recover those PIP benefits. *Id*. at ___; slip op at 5. By the time Saad secured assignment revocations from the medical providers on January 24, 2022, the medical providers were already barred by the one-year-back rule in MCL 500.3145 from bringing their own claims to recover those benefits because there is no claim on this record for PIP benefits related to any medical expenses occurred after April 1, 2020, which is well more than one year before January 24, 2022. Accordingly, at the time of the revocations, the medical providers did not have any viable claims to assign back to Saad. *Id*. at ___; slip op at 5-6.

Saad additionally asserts in his appellate brief that "the one year back rule was not implemented in this case because a denial was never received." Saad apparently relies on MCL 500.3145(3), which provides that a "period of limitations applicable under subsection (2) to the commencement of an action *and the recovery of benefits is tolled* from the date of a specific claim for payment of the benefits *until the date the insurer formally denies the claim*." (Emphasis added.)

Saad fails to further elaborate regarding how he believes the record supports this assertion. At the motion hearing, Saad's counsel stated: "I just this morning reviewed my records and have no form am [sic] denial from American as to these claims." Based on Saad's failure to cogently develop this argument, we deem it abandoned. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either

-5-

to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks and citation omitted).

Moreover, to the extent Saad appears to contend that he never received written denial, "a formal denial [for purposes of the tolling provision in MCL 500.3145(3)] need not be in writing." *Encompass Healthcare, PLLC v Citizens Ins Co*, 344 Mich App 248, 261; ___ NW2d ___ (2022). The denial must merely be "sufficiently direct." *Id*. (quotation marks and citation omitted). The test is whether the denial "unequivocally impresse[s] upon the insured that the extraordinary step of pursuing relief in court must be taken." *Id*. at 260 (quotation marks and citation omitted; alteration in original).

Here, Saad never claimed he believed ASIC was still considering his claim for PIP benefits. Indeed, Saad filed suit based on ASIC's lack of payment, making it difficult to imagine that it had not been "unequivocally impresse[d]" upon him "that the extraordinary step of pursuing relief in court must be taken." *Id*. (quotation marks and citation omitted). Saad has not demonstrated that he was entitled to the benefit of the tolling provision in MCL 500.3145(3) under these circumstances.

Accordingly, the trial court did not err in granting ASIC's motion for summary disposition or denying Saad's motion for reconsideration.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro